940 So.2d 147 (2006)
STATE of Louisiana, Appellee
v.
Quenten YATES, Appellant.
No. 41,247-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
*149 G. Paul Marx, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Charles A. Smith, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY and MOORE, JJ.
CARAWAY, J.
The defendant pleaded guilty to attempted possession of cocaine with intent to distribute. He was sentenced to five years at hard labor. The defendant now appeals, questioning the plea proceeding and claiming excessive sentence. The defendant's conviction and sentence are affirmed.

Facts
The State filed a bill of information charging defendant, Quenten Yates, with one count of conspiracy to distribute cocaine. Yates later pleaded guilty to attempted possession of cocaine with intent to distribute. At the hearing, the State gave the following factual basis for the guilty plea:
Your Honor, during May 2004, office of the Louisiana State Police and Springhill Police Department were investigating a suspected distribution of controlled dangerous substance in Springhill, Webster Parish, Louisiana. At that time they sent an undercover agent who went ahead and made purchase of controlled dangerous substances, namely, cocaine, from Tamekia Thomas. Tamekia Thomas was suspected to be residing with the defendant, Quenten Yates. They made three separate purchases of cocaine, one purchase of marijuana from Tamekia Thomas. Mr. Yates I believe was present on some of those occasions when the officers executed their warrants for arrest. They were also arrested at that apartment. Substance believed to be cocaine was found at that apartment and subsequently sent to the North Louisiana Criminalistics Laboratory for testing and was determined in fact to be cocaine.
At the hearing, Yates conceded to the factual *150 basis, and the Boykin rights[1] were appropriately explained by the trial court and waived before the court's acceptance of the defendant's plea.
At the sentencing hearing, the trial court noted from the pre-sentence investigation report (PSI) that Yates was 33 years old and this was his first felony conviction. The trial court noted Yates' history of some other minor charges, but that it was not giving those much attention. The trial court read the following portion of the PSI aloud:
Since your release on bond on October the 1st, 2004, in this instant offense, you have worked for just over a month. You've been working, of working age over fifteen years, but only reports twenty-two months of total work history since dropping out of school. Investigating officers in this offense indicate that you are a known drug dealer. The offense reports indicate that you used other individuals to carry illegal narcotics and money for yourself. That your primary source of income appears to have come from drugs. In this instant offense you were arrested for conspiracy to distribute Schedule II CDS. In exchange for your plea of guilty, you were allowed to the reduced plea of attempted possession of cocaine with intent to distribute.
The trial court further noted the PSI recommended sentence of no less than five years at hard labor. Yates denied prior drug activities and explained his spotty work history as being due to taking care of his mother, having SSI benefits from his wife, and doing contract labor for cash. The trial court subsequently sentenced Yates to five years at hard labor.

Discussion
The defendant argues that his conviction cannot stand because there was no factual basis for the guilty plea, claiming that the factual basis given by the State only suggests that he was "possibly present" during the offense. Defendant argues that a guilty plea is not constitutionally valid unless voluntarily made with an understanding of the nature of the charged conduct and the elements of the offense. Defendant claims that there was no such understanding due to the lack of a factual basis.
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. State v. Crosby, 338 So.2d 584, 586 (La.1976); State v. Stephan, 38,612 (La.App.2d Cir.8/18/04), 880 So.2d 201, 203. A validly entered guilty plea, or plea of nolo contendere, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550, 552 (La. 1981); State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710, 712. It also dispenses with any appellate review of the state's case against the defendant. State v. Hardy, supra; State v. Buggs, 567 So.2d 744, 747 (La.App. 2d Cir.1990).
There is no requirement that a guilty plea be accompanied by the recitation of a factual basis for the crime. State v. Wynne, 40,921 (La.App.2d Cir.4/12/06), 926 So.2d 789 (citing State v. Griffin, 633 So.2d 358 (La.App. 1st Cir.1993), writ denied, 94-0240 (La.10/14/94), 643 So.2d 157 "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. . . . Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea *151 by the recitation of a factual basis." State v. Wynne, 926 So.2d at 796). Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. State v. Brooks, 38,963 (La. App.2d Cir.9/22/04), 882 So.2d 724, 730, writ denied, 2004-2634 (La.2/18/05), 896 So.2d 30.
Yates was represented by counsel during proceedings in open court when he entered his guilty plea and conceded to the state's recitation of the factual basis for the offense. He did not proclaim his innocence, nor did he indicate he was making a best-interest plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Instead, he withdrew his former not guilty plea. Nothing in our review of the hearing transcript suggests any coercion or that the trial court was put on notice that it should have ascertained a significant factual basis before proceeding. Although the state's recitation did not specify Yates' involvement in the offending activity with particularity, Louisiana law does not require a more detailed factual basis in this case. Thus, under these circumstances, the defendant is not entitled to withdrawal of his guilty plea. This assignment is therefore without merit.
The defendant next argues that his five-year sentence for one count of attempted possession of cocaine with intent to distribute is unconstitutionally excessive. The maximum sentence for attempted possession of cocaine with intent to distribute is fifteen years. La. R.S. 14:27 and 40:967(B)(4)(b).
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641, 643. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049, 1051-52 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, 753, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Bonanno, 384 So.2d 355, 358 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
*152 There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/01/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/02/01), 783 So.2d 385. However, a substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La. App.2d Cir.2/27/02), 811 So.2d 176, 179. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, 670, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710, 712-713.
The transcript of the sentencing hearing shows that the trial court considered Yates' age, his work history, and that this was his first felony conviction. Thus, the court was cognizant of the sentencing considerations of La.C.Cr.P. art. 894.1. The sentence imposed is only one-third of the maximum penalty exposure for which Yates was eligible. It does not constitute a needless imposition of pain and suffering nor does it shock our sense of justice. This assignment is therefore without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).