EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2On November 13, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Troy A. Au-tin, Jr., with two counts of first degree robbery, in violation of LSA-R.S. 14:64.1. At the November 14, 2007 arraignment, defendant pled not guilty. Thereafter, on May 30, 2008, defendant withdrew his not guilty pleas, and after being advised of his constitutional rights, pled guilty as charged to both counts. In accordance with the plea agreement, the trial judge sentenced defendant on each count to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence, to run concurrently. On November 3, 2009, the trial court granted defendant an out-of-time appeal.
 

 ANDERS BRIEF
 

 On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The
 
 Anders
 
 procedure used in Louisiana was discussed in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-981 (La.4/28/95), 653 So.2d 1176, 1177
 
 (per
 
 curiam), adopted for use by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the | ^Louisiana Supreme Court in
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242
 
 (per
 
 curiam).
 

 According to
 
 Anders,
 
 386 U.S. at 744, 87 S.Ct. at 1400, “if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” To comply with
 
 Jyles,
 
 appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but his brief must also contain “a detailed and reviewable assessment for both the defendant and the
 
 *195
 
 appellate court of whether the appeal is worth pursuing in the first place.”
 
 State v. Jyles,
 
 704 So.2d at 242 (quoting
 
 State v. Mouton,
 
 653 So.2d at 1177).
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm defendant’s conviction and sentence.
 
 State v. Bradford,
 
 676 So.2d at 1110.
 

 In this case, defendant’s appellate counsel has complied with all the requirements necessary to file an
 
 Anders
 
 brief. Specifically, counsel has reviewed the procedural history and the facts of the case. Counsel has also evaluated defendant’s withdrawal of his not guilty pleas and has determined that defendant’s guilty pleas were knowingly and voluntarily made after being fully advised of his constitutional rights. Counsel has likewise evaluated defendant’s sentences, noting that they were imposed in conformity with the plea agreement. Counsel therefore concludes in her brief that there are no non-frivolous issues for appeal.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues and no rulings which arguably support an | ¿appeal. With regard to the guilty plea proceedings, the record indicates that defendant was thoroughly advised of his rights and that he knowingly and voluntarily waived those rights prior to entering his guilty pleas. Specifically, the trial court explained to defendant that by pleading guilty, he was waiving his constitutional right to a jury trial, the right against self-incrimination, and the right to confront his accusers. After advising defendant of the nature of the charge, the trial judge further informed him that it was his decision to plead guilty and that no one could force him to enter a plea. Pursuant to questioning, defendant advised the court that he was pleading guilty of his own volition and that no one used force, intimidation, or promises in order to get him to plead guilty. The trial judge also explained to defendant that by entering a guilty plea he was waiving his right to object to any defects such as an illegal arrest, search, seizure, and confession, as well as insufficient evidence. The judge then informed defendant of the sentencing range for the charged offenses as well as the specific sentences that would be imposed upon acceptance of his guilty pleas. In addition, the court advised defendant that the State would forego its right to file a multiple offender bill of information against him. Throughout the colloquy, defendant indicated that he understood his rights and that he wished to waive them. Moreover, there is a waiver of rights form contained in the record that is signed by defendant, his attorney, and the trial judge which indicates that defendant was advised of his rights and knowingly and voluntarily waived those rights.
 

 With regard to defendant’s sentence, the trial court informed him of the possible sentence that could be imposed as well as the actual sentence which would be imposed pursuant to the plea agreement. As noted by appellate counsel, defendant was sentenced in conformity with the plea agreement which was set forth in the record at the time of the guilty pleas. LSA-C.Cr.P. art. 881.2 A(2). [^Therefore, he is precluded from seeking review of his sentence on appeal. Based on the foregoing discussion, we agree with counsel’s assessment that defendant’s guilty pleas and sentences do not present any issues for appeal.
 

 
 *196
 
 As part of our independent review, we note that the bill of information alleged that defendant robbed a place of business, instead of a person, in connection with the September 5, 2007 robbery listed in count two. We find that the bill of information together with the State’s witness list provided defendant with notice that he was charged with the robbery of all potential victims at the premises on the date in question. Accordingly, defendant was not prejudiced by the State’s naming of a business, instead of a person, in count two of the bill of information. Further, since defendant pled guilty without objecting to the ambiguity in the bill of information, he waived any error in that regard.
 
 State v. Doussan,
 
 05-586 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 344,
 
 writ denied,
 
 06-0608 (La.10/13/06), 939 So.2d 372. Having concluded our independent review, we find that there are no non-frivolous issues and no rulings which arguably support an appeal.
 

 Along with the appellate brief and a request for an error patent review, the appellate counsel has filed a motion to withdraw as attorney of record, which states that she sent defendant a letter to inform him that she had filed an
 
 Anders
 
 brief and that he has the right to file a supplemental brief. Additionally, this Court sent defendant a letter, by certified mail, informing him that an
 
 Anders
 
 brief had been filed and that he had until January 11, 2010 to file a supplemental brief. Defendant has filed a supplemental brief raising one assignment of error which will now be addressed.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 lfiIn his supplemental pro se brief, defendant claims that the factual basis given by the State was insufficient to support his guilty pleas to two counts of first degree robbery. Specifically, defendant claims that the factual basis was insufficient because no persons were named as the victims of the robberies in the factual basis given by the State during the guilty plea hearing. Defendant contends that the factual basis provided by the State constitutes an amendment of the charged offenses from first degree robbery to simple burglary. On appeal, defendant does not seek to withdraw his guilty pleas but rather requests this Court to vacate his first degree robbery convictions, enter judgments of guilty to two counts of simple burglary commensurate with the factual basis given by the State, and remand the case to the district court with instructions on sentencing. For the reasons that follow, we find no merit to defendant’s argument.
 

 Under both state and federal jurisprudence, it is well settled that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal.
 
 State v. Johnson,
 
 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19,
 
 nmt denied,
 
 09-0787 (La.12/18/09), 23 So.3d 932, citing
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La.1976). In the present case, defendant entered an unqualified guilty plea waiving all non-jurisdictional defects. Defendant neither objected to the factual basis for the charged offenses given by the State during the plea proceedings nor to the trial court’s acceptance of it. Therefore, defendant waived his right to now seek review of this claim on appeal.
 

 Moreover, we note that the trial court was not required to ascertain a factual basis before accepting the guilty pleas. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that
 
 *197
 
 there is a need for such an inquiry. Only in that event does due process require a judicial finding of significant factual basis for the defendant’s plea.
 
 State v. Yates,
 
 1 .41,247 (La.App. 2 Cir. 9/27/06), 940 So.2d 147, 150-151;
 
 State, v. Brooks,
 
 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724, 730,
 
 writ denied,
 
 04-2634 (La.2/18/05), 896 So.2d 30.
 

 In the present case, defendant, represented by counsel, entered unqualified guilty pleas. At no point in the proceedings did he proclaim his innocence. In fact, the trial judge specifically asked defendant if he understood that by pleading guilty, he was admitting to committing the offenses. Defendant replied that he understood. During the plea proceedings, the trial judge also informed defendant that he was giving up the right to argue that the State might not be able to prove the charges against him, which defendant indicated that he understood. Given these circumstances, the trial court was not required to ascertain a factual basis before accepting the guilty pleas. Accordingly, this assigned error is without merit.
 

 ERROR PATENT DISCUSSION
 

 We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975).
 

 Based on the foregoing discussion, we find that defendant’s pro se assignment of error is without merit. Moreover, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot find any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we grant counsel’s motion to withdraw as attorney of record.
 

 Accordingly, defendant’s convictions and sentences are hereby affirmed.
 

 CONVICTIONS AND SENTENCES AFFIRMED.