CLARENCE E. McMANUS, Judge.
| ^Defendant’s appointed appellate counsel has filed an Anders brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal, and has filed a motion to withdraw as attorney of record. For the reasons which follow, we affirm defendant’s conviction and sentence, remand with instructions to correct an error patent, and grant appellate counsel’s motion to withdraw as attorney of record.

STATEMENT OF THE CASE

On September 23, 2004, the Jefferson Parish Grand Jury indicted defendant, Brian Fullilove, with second degree murder in violation of LSA-R.S. 14:30.1. Defendant pled not guilty at arraignment. On January 20, 2005, his motion to sever was granted, and his motion to suppress statements was denied. On March 21, 2005, the State amended the indictment to charge defendant with manslaughter in violation of LSA-R.S. 14:31, instead of second degree murder.
| a Also on that date, defendant withdrew his not guilty plea and pled guilty to manslaughter. The State provided no factual basis during the guilty plea colloquy, and no facts relating to the crime itself were elicited either at the hearing on the motion to suppress or the motion to quash the indictment. The amended indictment indicates that on May 10, 2004, defendant committed manslaughter resulting in the death of Coulton Lyell. The original indictment shows that the crime was committed with Luther D. McFarland, Morris D. McFarland, Yarnall McFarland, and Derrick Williams. It is noted that Defense Exhibit D-l, the arrest warrant, contained in the exhibit envelope provides many details regarding the offense, notably that defendant told Danny Jackson that he intended to rob the victim of cocaine on the evening in question.
The transcript indicates that defendant was sentenced to imprisonment at hard labor for 40 years with benefit of parole, probation, or suspension of sentence to run concurrently with the probation violation in case number 02-6581. However, the commitment reflects that his sentence was to be served without benefit of parole, probation, or suspension of sentence. This issue is discussed in this Court’s error patent review below.
On May 26, 2005, defendant filed a letter addressed to the trial judge asking for a reduction in sentence, but that request was denied on June 8, 2005. On December 28, 2005, defendant filed an application for post-conviction relief seeking an out-of-time appeal that was denied on January 3, 2006. Defendant filed a writ application with this Court challenging the trial *812 judge’s ruling; however, this Court denied the writ. State v. Fullilove, 06-KH-125 (La.App. 5 Cir. 3/3/06) (unpublished writ disposition). On June 1, 2006, defendant filed another application for post-conviction relief that was denied on June 15, 2006. Defendant filed a writ application with this Court challenging the trial judge’s ruling; |4however, this Court denied the writ. State v. Fullilove, 06-KH-612 (La.App. 5 Cir. 9/1/06) (unpublished writ disposition).
The Louisiana Supreme Court transferred defendant’s writ application to this Court for consideration pursuant to State v. Cordero, 08-1717 (La.10/3/08), 993 So.2d 203 on October 10, 2008. On June 4, 2010, this Court remanded this case to the trial court with instructions to grant defendant an out-of-time appeal. State v. Fullilove, 08-WR-949 (La.6/4/10) (unpublished writ disposition). On July 16, 2010, the trial court granted defendant an out-of-time appeal.

DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court |fi“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at-2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court *813 must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel notes that a hearing was held on a generic omnibus motion to suppress and |fimotion to quash, but that defendant did not reserve his right to have the trial court’s denial of those motions reviewed on appeal. She further notes that the testimony adduced at the hearing demonstrates that the trial court’s rulings are in accord with the applicable law. Appellate counsel maintains that prior to defendant’s decision to change his plea from not guilty to guilty, he was fully informed of the legal consequences of changing his plea by both his trial counsel as well as the district court. She states that an examination of the plea colloquy reveals that the district court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights.
Appellate counsel contends that the district court judge, informed defendant at the time he accepted the plea that he would impose a sentence of 40 years at hard labor to be served concurrently with the sentence on the probation violation. She notes that the waiver of rights form reflects that defendant was informed he would receive a 40-year sentence, and defendant’s attorney affirmed that he had reviewed all details of the plea agreement with defendant. Appellate counsel states that the trial judge subsequently imposed the agreed upon sentence, and defendant did not object to the sentence or move for reconsideration. Accordingly, she concludes that defendant is now restricted by law from appealing his sentence.
Appellate counsel has filed a motion to withdraw as attorney of record which states she notified defendant of the filing of the Anders brief and that defendant has a right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 9, 2011, to file a pro se supplemental brief. Defendant has not filed a supplemental brief.
An independent review of the record by this Court indicates errors patent, which are discussed below.

\ .ERROR PATENT REVIEW

This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The review reveals errors patent which are discussed below.
First, the trial judge imposed an illegal sentence when he ordered defendant’s 40-year sentence to be served concurrently with the probation violation in case number 02-6581. Only the judge who revokes the probation can order the sentence on a probation revocation to run either concurrently or consecutively with the sentence on the later conviction. LSA-C.Cr.P. art. 901(C)(2); State v. *814 Welch, 03-905 (La.App. 5 Cir. 11/25/03), 864 So.2d 204, 208, writ denied, 04-0171 (La.2/4/05), 893 So.2d 88. Thus, the trial court lacked authority to order defendant’s sentence to be served concurrently with the probation violation.
We do note that the trial judge imposed the illegal sentence in conformity with a plea agreement. However, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 831. Under LSA-C.Cr.P. art. 882, this Court has the authority to correct an illegal sentence. But, the Louisiana Supreme Court has stated, “[a]n appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in dispositions of the cases favorable to the defendant.” State v. Campbell, 01-329 (La.11/2/01), 799 So.2d 1136 (per curiam).
In some cases, this Court has followed the edict of Campbell and declined to correct illegally lenient sentences resulting from plea agreements. In State v. Massey, 02-872 (La.App. 5 Cir. 2/11/03), 841 So.2d 862, writ denied, 03-805 (La. [10/17/03),s 855 So.2d 758, this Court refrained from correcting defendant’s illegally lenient sentence where defendant negotiated a 15-year sentence as a fourth felony offender and the mandatory sentence was life imprisonment. Also, in State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598, and State v. Collins, 04-751 (La.App. 5 Cir. 11/30/04), 890 So.2d 616, 620, this Court declined to correct the defendants’ illegally lenient sentences where the defendants were sentenced in accordance with plea agreements and did not receive mandatory fines.
In this case, defendant’s illegal sentence resulted from a negotiated agreement wherein he agreed to plead guilty in exchange for a 40-year sentence to run concurrent with the probation violation in case number 02-6581. Thus, we decline to exercise our authority to correct the illegal sentence.
Next, the transcript reflects that the trial judge sentenced defendant to 40 years imprisonment with benefit of parole, probation, or suspension of sentence, however, the commitment reflects that the sentence was to be served; without benefit of parole, probation, or suspension of sentence. The transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
LSA-R.S. 14:31 provides that a person convicted of manslaughter “shall be imprisoned at hard labor for not more than forty years.” There is no prohibition against parole, probation or suspension of sentence except in certain instances that appear to be inapplicable in the instant ease.[3] However, LSA-C.Cr.P. article 893 provides that persons convicted of violent offenses listed in LSA-R.S. 14:2 B(4) (manslaughter) are to be denied the benefit of probation and suspension of sentence.
LThe transcript in the instant case reflects that the trial judge incorrectly ordered the sentence to be served with benefit of probation or suspension of sentence, and the commitment incorrectly reflects that defendant’s sentence is to be served without benefit of parole. As such, we order the trial court to amend the commitment to conform to that portion of the transcript, allowing parole eligibility. See
*815 State v. Lewis, 10-386, 61 So.3d 78 (La.App. 5 Cir. 2/15/11). We also direct the clerk of court to transmit the corrected commitment to the officer in charge of the institution to which the defendant has been sentenced. Lewis, swpra; State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846.
Next, the record contains no factual basis for defendant’s guilty plea. A similar situation occurred in State v. Smith, 09-769, p. 3 (La.App. 5 Cir. 3/9/10), 38 So.3d 894, 896 n. 1, writ denied, 10-843 (La.11/5/10), 50 So.3d 812. In that case, this Court noted that ‘the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.’ Id. This Court in Smith further stated that due process required a factual basis for a defendant’s guilty plea only when a defendant proclaimed his innocence or when the trial court was otherwise put on notice that there was a need for an inquiry into the factual basis. Id.
In the instant case, defendant has not proclaimed his innocence, and the trial court was not put on notice that there was a need for a factual basis. Additionally, defendant did not mention that a factual basis for his plea was not given. The State mentions it in its brief; however, the State contends that as long as the defendant’s guilty plea was made freely and voluntarily, the absence of a factual basis should | ipbe insufficient to nullify an otherwise valid guilty plea. In light of the foregoing jurisprudence, we find that a factual basis was not required in the instant case.
Accordingly, we find that appellate counsel’s brief adequately demonstrates that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. As such, we grant appellate counsel’s motion to withdraw and affirm defendant’s conviction and sentence. We also remand this matter to the trial court to amend the commitment to conform to the transcript, as discussed above.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTED; REMANDED WITH INSTRUCTIONS

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. LSA-R.S. 14:31 states that when the victim was killed as a result of a battery and under the age of ten years, the person convicted of manslaughter of the victim shall be imprisoned without the benefit of probation or suspension of sentence for at least ten years but not more than forty years.