SUSAN M. CHEHARDY, Chief Judge.
I ¡.On appeal, defendant challenges his guilty pleas. For the following reasons, we affirm defendant’s convictions but remand for re-sentencing and correction of the commitment.

Facts and Procedural History

In this case, the convictions resulted from guilty pleas so the facts surrounding the offenses were gleaned from the bill of information. Here, the record reflects that, on or about February 17, 2012, defendant committed a theft of tools, valued at over $1,500, from Wayne McClue, in violation of La. R.S. 14:67. As to count two, the record reflects that, on or about February 19, 2012, defendant committed an unauthorized use of a 1996 Ford F-150 belonging to Kenneth Morvant, in violation of La. R.S. 14:68.4. As to count three, the record reflects that, on or about February 17, 2012, defendant took a 2000 Jeep Grand Cherokee from Javante Barnes by use of force or intimidation, in violation of La. R.S. 14:64.2. As to count four, the record reflects that, on or about February 17, 2012, defendant committed an unauthorized use of a 2003 Ford Crown Victoria, belonging to Michael Peters, in violation of La. R.S. 14:68.2.
| ¡.On March 23, 2012, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Calvin Hayes, with one count of theft of property valued over $1,500.00, in violation of La. R.S. 14:67 (count one), one count of theft of a motor vehicle valued over $1,500.00, in violation of La. R.S. 14:67.26 (count two), one count of carjacking, in violation of La. R.S. 14:64.2 (count three), and one count of unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4 (count four). On August 19, 2012, count two was amended to unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4.
*1224 On March 19, 2013, trial commenced; but, before opening arguments, defendant executed a waiver of constitutional rights form, which was signed by defendant, defense counsel, and the trial judge, and entered pleas of guilty as charged to all counts.[1] The trial judge sentenced defendant to concurrent sentences of “ten years each on counts one, two, and four.... And on count three, which is the carjacking, twenty years without benefits of probation, suspension or parole.”[2]
Also, on March 19, 2013, the Jefferson Parish District Attorney’s Office filed a multiple offender bill of information alleging that defendant was a second felony offender. The multiple bill alleged that defendant, who pled guilty that day to carjacking (count three), was the same individual who pled guilty on October 22, 2009 to the predicate offense of possession of methadone, in violation of La. R.S. 40:967(C). That day, defendant executed another waiver of rights form and stipulated to being a second felony offender. The trial court vacated defendant’s sentence on count three and imposed the enhanced sentence, pursuant to La. R.S. 15:529.1, of twenty years imprisonment at hard labor without benefit of probation, Lparole, or suspension of sentence, to run concurrently with his underlying sentences.
On January 13, 2015,. defendant filed an application for post-conviction relief seeking an out-of-time appeal under State v. Counterman, 475 So.2d 336 (La.1985), which was granted on January 15, 2015. This appeal follows.

Law and Argument

In his sole assignment of error, defendant argues that the “Boykin[3] examination was defective, thus requiring a remand.” Defendant specifically argues that the transcript of his guilty plea was not complete because the State failed to provide a sufficient factual basis to support his guilty plea. Defendant argues that the trial court was “put on notice” that he was maintaining his innocence because he provided a notice of an alibi defense before trial.
The State argues that the trial court was not required to ascertain a significant factual basis in order to validate the guilty plea because defendant neither maintained his innocence nor put the court on notice that a significant factual basis was needed.
Under both state and federal jurisprudence, it is well settled that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Crosby, 338 So.2d 584, 588 (La.1976); State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-0787 (La.12/18/09), 23 So.3d 932. Moreover, such a plea waives any right a defendant had to question the merits of the State’s case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550, 552 (La.1981); State v. Yates, 41,247 (La.App. 2 Cir. 9/27/06), 940 So.2d 147, 150.
15More importantly, Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. State v. Autin, 09-995
*1225 (La.App. 5 Cir. 4/27/10), 40 So.3d 193, 196, writ denied, 10-1154 (La.12/10/10), 51 So.3d 725; Yates, 41,247 at 4, 940 So.2d at 150-51. “[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea.... Louisiana law,, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.” State v. Wynne, 40,921, p. 10 (La.App. 2 Cir. 4/12/06), 926 So.2d 789, 796. Due process requires a finding of a significant factual basis for a defendant’s guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. Autin, 09-995 at 6, 40 So.3d at 196-97; State v. Brooks, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724, 730, writ denied, 04-2634 (La.2/18/05), 896 So.2d 30.
A plea accompanied by a claim of innocence is an Alford[4] plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman, 97-2089 (La.1/9/98), 704 So.2d 245. In a ease involving a bona fide Alford plea, the record must contain “strong evidence of actual guilt.” Alford, 400 U.S. at 38, 91 S.Ct. at 167. This Court has recognized that where there is an Alford plea, “constitutional due process requires that the record contain ‘strong evidence of actual guilt.’ ” State v. Bailey, 94-76 (La.App. 5 Cir. 6/28/94), 639 So.2d 860, 864.
In Autin, supra, the defendant argued that the factual basis provided by the State was insufficient to support his guilty pleas to first degree robbery. After reviewing the entire record, this Court found that the defendant had entered an ^unqualified guilty plea and at “no point in the proceedings did he proclaim his innocence.” Id., 40 So.3d at 197. In Autin, the trial judge during the colloquy specifically asked the defendant if he understood that by pleading guilty, he was admitting to committing the offenses, which the- defendant agreed he did. Further, the trial judge also informed the defendant that he was giving up the right to argue that the State might not be able to prove the charges against him, which the defendant indicated that he understood. Given these circumstances, this Court found that the trial court was not required to ascertain a factual basis before accepting the guilty pleas. Id.
In State v. Fullilove, 11-34 (La.App. 5 Cir. 12/13/11), 81 So.3d 809, 811, the defendant pled guilty to manslaughter and, during the guilty plea colloquy, the State provided no factual basis. This Court found, however, that the defendant had not proclaimed his innocence, and the trial court was not put on notice that there was a need for a factual basis. Id. at 815. Thus, this Court found that a factual basis was not required during the guilty plea colloquy.
In this case, after reviewing the transcript of the guilty plea colloquy, we find that defendant neither asserted his innocence nor specified that he was making a qualified plea under Alford. The transcript is devoid of any suggestion that would have put the trial court on notice to ascertain a significant factual basis before proceeding.
On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also *1226 indicated that he understood that he was waiving these rights.
|7Puring his guilty plea colloquy, defendant denoted that he had not been forced, coerced, or threatened into entering his guilty pleas and that he was satisfied with his legal representation. Defendant was informed during the colloquy of the actual sentences that would be imposed if his guilty pleas were accepted. He was informed in the waiver of rights form of the maximum and minimum sentences that could be imposed and the actual sentences that would be imposed if his guilty pleas were accepted. After having his legal rights explained to him, defendant still chose to plead guilty. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, and voluntarily made.
Our review of the record reveals no defect in this guilty plea colloquy that would warrant reversal. We find that this assignment of error lacks merit.

Errors Patent

Lastly, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920 and found errors requiring correction.
At sentencing, the trial court sentenced defendant on count one, which was a violation of La. R.S. 14:67, and counts two and four, which were violations of La. R.S. 14:68.4, without specifying if the sentences were to be served with or without hard labor. Where, as in this case, the applicable sentencing statutes allow discretion, the sentencing court’s failure to indicate whether the sentence is to be served at hard labor is an impermissible, indeterminate sentence. State v. Horton, 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376-77; State v. Norman, 05-794 (La.App. 5 Cir. 3/14/06), 926 So.2d 657, 661, writ denied, 06-1366 (La.1/12/07), 948 So.2d 145. Thus, we must vacate defendant’s sentences on count one, count two, and count four, and remand to the trial court for the imposition of determinate sentences in accordance with La. C.Cr.P. art. 879.
Finally, we note that the State of Louisiana Uniform Commitment Order incorrectly reflects only one offense date. Here, however, the record' indicates that defendant committed three offenses on February 17, 2012 and one offense on February 19, 2012. In order to ensure an accurate record, we remand this matter for correction of the Uniform Commitment Order to reflect the correct offense dates of February 17, 2012 and February 19, 2012. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Further, we direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846.

Conclusion

For the foregoing reasons, defendant’s convictions are affirmed but his sentences on counts one, two and four are indeterminate and, thus, must be vacated. This matter is remanded for re-sentencing on counts one, two, and four and correction of the commitment as mandated by La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, supra; and State v. Long, supra.

CONVICTIONS AFFIRMED: SENTENCES ON COUNTS ONE, TWO AND FOUR VACATED: REMANDED FOR RE-SENTENCING AND CORRECTION OF COMMITMENT

. Defendant additionally pled guilty to two misdemeanor counts that are not at issue in this appeal.

. Defendant was not sentenced to a determinate sentence on counts one, two, and four, as required by law. See Errors Patent, infra.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).