JOHNSON, J.
Defendant appeals his conviction and sentence for aggravated burglary on the basis his guilty plea was constitutionally infirm given the absence of a factual basis for his plea and his proclamation of innocence. For the reasons that follow, we affirm.
On December 1, 2015, Defendant, Ronald Bowman, and two co-defendants were charged in a bill of information with aggravated burglary. Defendant initially pled not guilty and filed several pre-trial motions, including motions to suppress evidence, statement and identification.[1] On August 10, 2016, Defendant withdrew his not guilty plea and pled guilty as charged. In accordance with the plea agreement, the trial court sentenced Defendant to 15 years imprisonment at hard labor to run concurrently with any other sentence he was currently serving, and the State agreed not to file a multiple offender bill of information against Defendant.
Defendant subsequently filed an application for post-conviction relief, which was dismissed in favor of an out-of-time appeal. In his sole assignment of error on appeal, Defendant argues that his guilty plea is constitutionally infirm and should be set aside on the basis that the record is void of a factual basis upon which his plea was based. He maintains that the only reference to the facts of this case are from the victim impact statement given by the victim's son prior to the imposition of his sentence. Defendant points out that during the son's statement, he interjected and proclaimed that he "did not do it," which he contends put the trial court on notice that he was coerced into pleading guilty. As such, he seeks to withdraw his guilty plea and have the matter remanded for a jury trial.
A defendant does not have an absolute right to withdraw a guilty plea. State v. Williams , 18-71 (La. App. 5 Cir. 7/31/18), 251 So.3d 1250, 1256. Under La. C.Cr.P. art. 559(A), the trial court may permit a defendant to withdraw his guilty plea at any time before he is sentenced. However, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. Williams, supra . A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[2] colloquy is inadequate, or *1078 when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects by either appeal or post-conviction relief. State v. Dadney , 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 59, writ denied , 15-90 (La. 10/30/15), 179 So.3d 614. Such a plea waives any right a defendant might have had to question the merits of the State's case and the factual basis underlying the conviction. State v. Hayes , 15-141 (La. App. 5 Cir. 8/25/15), 173 So.3d 1222, 1224, writ denied , 15-1789 (La. 9/23/16), 200 So.3d 364.
Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. State v. Autin , 09-995 (La. App. 5 Cir. 4/27/10), 40 So.3d 193, 196, writ denied , 10-1154 (La. 12/10/10), 51 So.3d 725. "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea....Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." State v. Wynne , 40,921 (La. App. 2 Cir. 4/12/06), 926 So.2d 789, 796 (internal citations omitted). Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. Autin , supra at 196-97 ; State v. Brooks , 38,963 (La. App. 2 Cir. 9/22/04), 882 So.2d 724, 730, writ denied , 04-2634 (La. 2/18/05), 896 So.2d 30.
A plea accompanied by a claim of innocence is an Alford[3] plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman , 97-2089 (La. 1/9/98), 704 So.2d 245 (per curiam ). In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt." Alford , 400 U.S. at 38, 91 S.Ct. at 167. This Court has recognized that where there is an Alford plea, "constitutional due process requires that the record contain 'strong evidence of actual guilt.' " State v. Nelson , 17-650 (La. App. 5 Cir. 5/23/18), 248 So.3d 683, 686 n.7 ; State v. Bailey , 94-76 (La. App. 5 Cir. 6/28/94), 639 So.2d 860, 864.
Here, Defendant did not enter an Alford plea, but rather entered an unqualified guilty plea. Specifically, at no time during the plea colloquy did Defendant assert his innocence or specify that he was making a qualified plea under Alford . Thus, the trial court was not put on notice that there was a need for a factual basis before accepting Defendant's guilty plea.
A review of the record demonstrates that Defendant was aware he was pleading guilty to aggravated burglary. During the plea colloquy with the trial judge, and in the waiver of rights form, Defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination and that he was waiving those rights by pleading guilty. Defendant verbally acknowledged his understanding of these rights and his waiver of them during the plea colloquy. Additionally, Defendant initialed each right on the waiver of rights form, indicating he understood that he was waiving these rights by pleading guilty.
*1079 Further, in the waiver of rights form and during the plea colloquy, Defendant denied that he was forced, coerced, or threatened into entering his guilty plea and indicated that he was satisfied with his legal representation. He denied having any physical or mental impairment that would affect his ability to enter his plea and acknowledged that he was able to read, write, and understand English.
Defendant was also informed in the waiver of rights form and during the colloquy of the sentencing range of one to 30 years carried by a violation of La. R.S. 14:60 and of the actual sentence of 15 years that he would receive if the trial court accepted his guilty plea. After the plea colloquy, the trial court accepted Defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made. Our review of the record reveals no defect in this guilty plea colloquy that would warrant reversal.
Defendant argues that because he stated that he did not commit the offense during the sentencing hearing, the trial court should have recessed the hearing to allow Defendant to speak to his attorney about his willingness to maintain his guilty plea and to determine his state of mind. We find no merit to this argument.
After the trial court accepted Defendant's guilty plea, Defendant waived delays. The victim's son then proceeded to give a victim impact statement. During this statement, the trial court interrupted and the following exchange occurred:
THE COURT:
Mr. Bowman, I'm going to advise you of this one last time, this first time and not again that while this gentleman is talking to you, do not speak back, and if I'm understanding what I'm hearing you say as you're sitting over there is "I didn't do it." Well, if that's the case, this Court's [sic] not going to be able to accept your guilty plea. If you didn't do it, then we're going to have to re-discuss your guilty plea and we'll set the matter for trial. Is that what you're saying to the Court that you want to do?
THE DEFENDANT:
(No verbal response).
THE COURT:
All right. I'm going to advise you, Mr. Bowman, and again I'm going to advise you of this this last time. Do not interrupt this gentleman as he's speaking to you. Do you understand?
[DEFENSE COUNSEL]:
Can I have one moment, Your Honor?
THE DEFENDANT:
I apologize, sir.
( [Defense counsel] confers with the defendant)
After the victim impact statement, the trial court asked Defendant if he was prepared for sentencing, at which time defense counsel asked if Defendant could speak. The trial court assented and Defendant apologized to the victim, stating, "I truly want to apologize to the nice lady. I'm so sorry. I truly am sorry....I wish I would have did [sic] something, anything - -." Thereafter, Defendant asked the trial court to proceed, and the trial court sentenced him to 15 years.
First, we find that Defendant's comment - "I didn't do it" - overheard by the trial court was not necessarily a proclamation of innocence regarding the offense of aggravated battery. Defendant's comment followed the victim's son's statement, in which he stated:
What you did was wrong, heartless and without any natural affection whatsoever. I don't know where your heart was to go into an elderly woman's house, force your way in, punch her repeatedly, knock her to the ground. Yes, you and your buddy. When she fell to the *1080 ground, y'all kicked her repeatedly. If you would have seen her after she got out of the hospital: a broken tooth, lacerations, bruises.
It is not clear which of the actions Defendant was denying, especially considering the fact that three perpetrators were charged in the offense.
Second, and more importantly, we find that any assertion of innocence by Defendant was made after he entered his guilty plea and after the trial court accepted his plea. Again, at no time prior to accepting Defendant's plea was the trial court put on notice of the need for a factual basis. We note that once the trial court construed Defendant's comment as a possible claim of innocence, after accepting his guilty plea and prior to sentencing, the trial court offered Defendant an opportunity to withdraw his guilty plea and proceed to trial. However, despite this opportunity, Defendant did not do so. We further note that Defendant's claim that he "didn't do it" seemed contradicted by his subsequent apology to the victim, thereby casting doubt on whether his comment, considered in context, was a true proclamation of his innocence or was simply a denial of the facts as recounted by the victim's son.
Based on these circumstances, we do not find a factual basis was required at the time Defendant entered his guilty plea. We further find no constitutional defects in Defendant's guilty plea that warrant reversal of his conviction and sentence. Accordingly, Defendant's conviction and sentence for aggravated burglary are affirmed.
We have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920 and find no such errors.
CONVICTION AND SENTENCE AFFIRMED

The record does not show that these motions were ever ruled upon. However, Defendant did not object to the trial court's failure to rule on his pre-trial motions prior to pleading guilty and, therefore, said motions were waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).