CRICHTON, J.
additionally concurs and assigns reasons:
IT concur in the majority’s.,decision to deny the writ application in this case. I write separately to emphasize the importance of perfecting a record when seeking to invoke exceptions to Constitutional rights and guarantees.
This case presents allegations of a most serious nature, namely the execution of a witness in a criminal case. The facts as alleged by the State are as follows: the defendant shot the victim multiple times. While recovering from his injuries in the hospital, the victim identified the defendant as his assailant. - Following the victim’s release from care, the defendant murdered the victim.
At issue is whether or not the State may introduce the deceased victim’s out-of-court identification of the defendant.
“The Sixth Amendment to the Constitution guarantees the right of an accused in á criminal prosecution ‘to be confronted with the witnesses against him.’ This right is secured -for defendants in state as well as federal criminal proceedings.” State v. Vaughn, 448 So.2d 1260, 1261 (La.1983) (citing Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). “Hearsay is an oral or written assertion, other than one made by the declarant while testifying at the present trial, offered in evidence to prove the truth of the matter asserted.” State v. Sarrio, 01-543 (La.App. 5 Cir. 11/27/01), 803 So.2d 212, 223 writ denied, 2002-0358 (La.2/7/03), 836 So.2d 86 (citations omitted). “Hearsay evidence is not admissible |aexcept as otherwise specified in the Code of Evidence or other legislation.” Id. The prohibition against the admission of hearsay evidence, coupled with the edict of the Confrontation Clause, are fundamental principles of our criminal justice system. Any party seeking to submit evidence in contradiction of either of these principles must prove that •the circumstances of the individual case warrant an exception.
As the deceased victim’s' identification implicates both the hearsay rule and the Confrontation Clause,-, the State sought to introduce the identification under a hearsay exception found in La. C.E. art. 804:
*747 B. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
[[Image here]]
(7)(a) Forfeiture by wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the de-clarant as a witness.
(b) A party seeking to introduce statements under the forfeiture by wrongdoing hearsay exception shall establish, by a preponderance of the evidence, that the party against whom the statement is offered, engaged or acquiesced in the wrongdoing.
La. C.E. art. 804(B)(7).
While, in my view, the record passes Constitutional muster and ultimately supports the trial court’s admission of the identification, it is close issue. As noted by Judge Jenkins: “the record ... does not present sufficient information to make a determination on the correctness of the trial court’s September 18, 2015 ruling[.]” In future cases, I urge attorneys invoking exceptions to Constitutional rights and privileges to develop unquestionably solid records capable of withstanding appellate scrutiny.