CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the majority’s writ denial in this,ease. I write separately to note that an extensive review of the State’s application and the accompanying transcripts do not persuade me that the trial court abused its discretion in finding that the witnesses were not unavailable pursuant to La. C.E-. art. 804(A). As I commented previously in State v. Jones, “I urge attorneys ... to develop unquestionably solid récords capable of withstanding appellate scrutiny.” State v. Jones, 16-0088 (La.3/4/16), 185 So.3d 746, 747 (Crichton, J., concurring). Because the State failed to subpoena the two homeless witnesses before the trial began, because it elected to go forward without ensuring the cooperation and participation of these witnesses before the trial began, and because the State failed at previous trial settings to request the trial court issue an order commanding the witness to appear at the later trial date, it is my opinion that that record in this matter does not support a finding that the. trial court abused its discretion in failing to find the witnesses were unavailable under La. C.E. art. 804(A).
CRICHTON, J., additionally concurs and assigns reasons.