CRICHTON, J.,
additionally concurs and assigns reasons
|,I agree with the majority’s decision to decline to exercise jurisdiction here, as relator has not established that his guilty plea is invalid. However, I write separately to stress the importance of a district court perfecting the record during a guilty plea colloquy, as “[a] guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant.” Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). I firmly believe that “[a] dialogue between the court and the person making the plea is the best method for establishing the factual basis of a plea as well as its voluntariness.” United States v. Fountain, 777 F.2d 351, 356 (7th Cir. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).
Under La. C.Cr.P. arts. 556 and 556.1, the district court may not accept a guilty plea unless and until it has been established on the record and in open court that the defendant fully understands the nature of the charge(s), the allegations levied against him, the right to counsel, the right to a trial by jury or by the court, and the right to confront and cross-examine witnesses at trial. Furthermore, although not required by law, in my view, it is of paramount importance for the prosecutor to provide a brief factual basis for the defendant’s guilty plea on the record, to which the defendant must agree, so as to avoid later allegations that he is not guilty or did not understand the nature of the charges. Although a trial court is not required to ascertain a factual basis for the crime pri- *365 or to accepting a guilty |2plea, “doing so provides a method by which the trial court can test whether the pleas were voluntarily and intelligently entered.” State v. Mack, 45,552, p. 4 (La.App. 2 Cir. 8/11/10), 46 So.3d 801, 803-04.[1] In this instance, although not enough to invalidate the defendant’s plea of guilty, I find the district court’s colloquy with this defendant does not meet the standard we expect. Scrupulously adhering to these procedures in the district courts prevents the extensive expenditure of appellate resources later, as in the present case.

. In North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court determined that the fact that a defendant “would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, espe-daily where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant’s advantage.” Thereafter, for a “best interests” or Alford plea, “due process requires a judicial finding of a significant factual basis for the defendant’s plea.” State v. Linear, 600 So.2d 113, 115 (La. App. 2 Cir. 1992).