I previously wrote separately to spotlight the importance of compliance with Boykin v. Alabama , 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and La. C.Cr.P. art. 556.1, see State v. Trahan , 16-2083 (La. 4/16/18), 241 So.3d 286, and I reiterate those concerns here. In response to the state's minute entries associated with defendant's three guilty pleas to misdemeanor DWI in Mississippi, which do not indicate whether defendant was advised of his Boykin rights in accordance with State v. Jones , 404 So.2d 1192 (La. 1981) (per curiam), defendant testified that neither the judge who accepted the pleas nor the lawyer who negotiated the plea agreements ever advised him of any of the rights he was waiving by pleading guilty. I would grant defendant's writ application to examine whether defendant's sworn denial constitutes "affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea" sufficient to shift the burden back to the state to produce a perfect Boykin transcript. See State v. Carlos , 98-1366, pp. 6-7 (La. 7/7/99), 738 So.2d 556, 559.