Although I agree with the result reached by the court of appeal, I write separately to note that, in my view, this paramount issue warrants this Court's full attention. Specifically, under Boykin v. Alabama , 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record in a guilty plea must reflect that the defendant fully understands the nature of the charge(s), the allegations levied against him, the right to counsel, the right to a trial by jury or by the court, and the right to confront and cross-examine witnesses at trial. Moreover, La. C.Cr.Pr. art. 556.1 specifies the mandatory duty of the trial court in accepting guilty pleas, ensuring that defendant understands all of the following, as previously set forth in Boykin :
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
As La. C.Cr.Pr. art. 556.1 notes the court "shall" perform the above colloquy with defendant, I do not find the article allows for any discretion on the part of the trial court in these instances. As I have stated before, "scrupulously adhering to these procedures in the district courts prevents the extensive expenditure of appellate resources later...." State ex. Rel. Calvin Hayes v. State , 15-KH-1789 (La. 9/23/16), 200 So.3d 364 (writ denied ) (Crichton, J., additionally concurring). See also State v. Trahan, 16-2083 (La. 4/16/18), 241 So.3d 286 (writ denied ) (Crichton, J., additionally concurring); and State v. Peters , 18-KK-1417 (La. 9/28/18), 253 So. 3d 785, 2018 WL 4701717 (writ denied ) (Crichton, J., would grant and assigning reasons). The trial court's failure to comply with the *1007 requirements of Boykin and La. C.Cr.Pr. art. 556.1 in this case merits the conviction being vacated and the case remanded, but it also highlights the continuing pressing need for this Court's guidance in this regard.