--------
CRICHTON, J., additionally concurs and assigns reasons:
I additionally concur with the per curiam and write separately to acknowledge the critical nature of the constitutional issue presented here, particularly given the split in the federal circuit courts on what is a res nova issue for both the Louisiana Supreme Court and the United States Supreme Court. Accordingly, I urge the court and counsel to take extreme care in developing a clear record, and that the State and the defense make contemporaneous objections as appropriate. Moreover, I note the paramount importance of the trial judge articulating well-considered rulings such that a record is perfected for possible appellate review. See State v. Jones , 16-088 (La. 3/4/16), 185 So.3d 746 (writ denied) (Crichton, J., additionally concurring, emphasizing the "importance of perfecting a record when seeking to invoke exceptions to Constitutional rights and guarantees"; and State v. Carter , 16-1433 (La. 7/29/16), 195 So.3d 1207 (stay denied, writ denied) (Crichton, J., additionally concurring, citing Jones, supra , urging attorneys to develop solid records "capable of withstanding appellate scrutiny.")[1] Whether or not the witness is unavailable for trial and, if unavailable, whether or not the trial judge correctly finds that there has been compliance with the Sixth Amendment and Crawford v. Washington , 541 U.S. 36; 57, 124 S.Ct. 1354, 1367, 158 L.Ed. 2d 177 (2004) are both questions for another day - just as this res nova issue may be a question to be answered by an appellate court, this Court, and perhaps the United States Supreme Court in the future. A well-developed record will greatly aid in the important function of appellate review, should it become necessary, and the administration of justice.
See also State ex. Rel. Calvin Hayes v. State , 15-KH-1789 (La. 9/23/16), 200 So.3d 364 (writ denied) (Crichton, J., additionally concurring, noting the importance of perfecting a record in a guilty plea), and State v. Johnson , 18-1661 (La. 11/5/18), 255 So.3d 1006 (writ denied) (Crichton, J., voting to grant and docket, citing Hayes, supra , again noting the importance of making a record, as "scrupulously adhering to these procedures in the district courts prevents the extensive expenditure of appellate resources later.").