# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #45

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the 22nd day of October, 2019, are as follows:

**PER CURIAM:**

*2019-K-00028*     *STATE OF LOUISIANA VS. DESMOND C. PARKER* (Parish of Orleans)

We find the lack of an individually articulated waiver of each of the three Boykin rights in the documentary evidence produced by the State constitutes affirmative evidence showing an infringement of defendant's rights or a procedural irregularity in the taking of the plea, which is sufficient to shift the burden of proving the constitutionality of the plea to the State. Because the State rested on this documentary evidence and produced nothing else, the district court correctly rejected the prior out-of-state guilty plea and adjudicated defendant as a third, rather than a fourth, felony offender. Accordingly, we affirm the ruling of the court of appeal that found defendant was correctly adjudicated a third-felony offender.

AFFIRMED.

Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, appointed as Justice pro tempore, sitting for the vacancy in the First District.

Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Clark, J.

Weimer, J., dissents and assigns reasons.

Crichton, J., additionally concurs and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2019-K-0028**

**STATE OF LOUISIANA**

**versus**

**DESMOND C. PARKER**

**ON WRIT OF CERTIORARI TO THE FOURTH CIRCUIT
COURT OF APPEAL, PARISH OF ORLEANS**

**PER CURIAM:\***

We granted the application to determine if the lower courts correctly found that the State failed to carry its burden of proving a prior out-of-state guilty plea was knowing, voluntary, and made with an express waiver of defendant's rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for purposes of recidivist sentence enhancement. Finding the State failed to carry its burden, we affirm the ruling of the court of appeal, *State v. Parker*, 16-1166 (La. App. 4 Cir. 12/12/18), 259 So.3d 1113, which found the district court correctly rejected this predicate guilty plea and adjudicated defendant as a third, rather than as a fourth, felony offender.

After defendant was found guilty of simple robbery and intimidating a witness, the State filed a habitual offender bill of information alleging that defendant was a fourth-felony offender. The district court adjudicated defendant as a third-felony offender after finding that the State failed to prove an out-of-state guilty plea was entered in compliance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The district court sentenced defendant to serve

*\*Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, assigned as Justice pro tempore, sitting for the vacancy in the First District. Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Justice Marcus R. Clark.*

14 years imprisonment at hard labor for simple robbery and 10 years imprisonment at hard labor for intimidation of a witness.

The State sought review of the district court's determination that defendant was only a third-felony offender. A majority of the panel in the court of appeal found that the documentation submitted by the State at the habitual offender adjudication did not show that defendant voluntarily waived each of his *Boykin* rights. The majority contrasted the proof submitted in the present case with the proof submitted in *State v. Shelton*, 92-3070 (La. 7/1/93), 621 So.2d 769, and found it lacking:

> In *Shelton*, the State submitted into evidence a minute entry that stated the judge "gave the defendant his rights" and a "Waiver of Constitutional Rights/Plea of Guilty Form" ("the form"). The form listed the *Boykin* rights with Defendant's initials behind each indicating that he waived the right. The form had additional statements providing that Defendant was well informed of the consequences of his plea. The form was signed by Defendant, the attorney for Defendant, and the trial judge. Considering that evidence, the Supreme Court found that the State met its burden of proving the guilty plea was informed, free and voluntary, and made with an articulated waiver of constitutional rights.
>
> In the instant case, the record is void of any indication that Defendant knowingly and voluntarily waived each of his *Boykin* rights. The Alabama Judicial Information System Case Action Summary submitted to the trial court contains entries signed by the Alabama Circuit Judge of the Tenth Judicial Circuit of Alabama. One of the entries states that Defendant waives a jury trial. There is no other reference to Defendant waiving rights and nowhere does he sign or initial any statement of waiver or waiver form. The State cannot overcome the lack of an articulated waiver of Defendant's constitutional rights without a transcript.

*Parker*, 16-1166, p. 16, 259 So.3d at 1122 (footnote omitted).

The dissenting member of the panel would find the State's proof of the predicate guilty plea sufficient for recidivist sentence enhancement because a plea form indicated that defendant was advised of his *Boykin* rights and that by pleading

2

guilty he waived them:

> Contained in the Alabama pen pack is a plea form signed by Defendant, his attorney, and the court, on July 25, 2005. The plea form was apparently on legal-sized paper in its original state, but was copied on letter-sized paper. It advises Defendant of all his rights and that by pleading guilty, he waived those rights. Defendant was represented by counsel during all of his court appearances. The entire pen pack is certified by its legal custodian, the Director of Central Records for the State of Alabama Department of Corrections. In addition, the Director's signature is notarized.

> I find that the Alabama pen pack more than satisfies the requirements of Louisiana law proving that Defendant was advised of his rights and knowingly and intelligently entered the guilty plea. My finding is supported by many cases from this court. . . . The district court erred by failing to so.

*Parker*, 16-1166, p. 4, 259 So.3d at 1124 (Lobrano, J., dissenting in part) (citations omitted).

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court noted that three federal constitutional rights are waived when a plea of guilty is entered in a state criminal trial:

> First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

*Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. In addition, the Court held: "We cannot presume a waiver of these three important federal rights from a silent record." *Id.* Thus, regarding *Boykin*, this Court has found: "As we read *Boykin*, in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights must be made, which waiver cannot be presumed." *State ex rel. Jackson v. Henderson*, 260 La. 90, 103, 255 So.2d 85, 90 (1971).

Given that the waiver of the three *Boykin* rights cannot be presumed, we

3

considered in *State v. Shelton*, 621 So.2d 769 (La. 1993), what sort of evidence suffices to show that a valid waiver accompanied a prior guilty plea that the State seeks to use in subsequent habitual offender proceedings. We noted that certainly a transcript of a perfect plea colloquy is sufficient:

> Certainly, the introduction of a transcript of the plea colloquy between the judge and the defendant which indicates that the plea was voluntary and which includes an articulated waiver of the three *Boykin* rights would be sufficient to meet the State's burden of proving through a contemporaneous record a guilty plea was taken in compliance with *Boykin*, and, indeed, is the method of proof preferred by this court. In *Jackson*, this court noted that by having a transcript made of the plea colloquy, "the trial court wisely avoided the expense and uncertain testimony of a later evidentiary hearing on the post-conviction remedy." 255 So.2d at 90. Not only does the use of a "perfect" transcript avoid the future uncertainty and expense of an evidentiary hearing, but it also provides a reviewing court with the best evidence of whether the guilty plea was taken in compliance with *Boykin*.

*Shelton*, 621 So.2d at 775. However, we declined to require the State to present a perfect transcript in every instance. Instead, we held in *Shelton* that, once the State carries its initial burden at a habitual offender hearing of proving the existence of a defendant's prior guilty plea and his representation by counsel or waiver of counsel, the burden shifts to the defendant "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." *Shelton*, 621 So.2d at 779.[1] Defendant "can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, *or with other affirmative evidence*." Shelton, 621 So.2d at 779 n.24 (emphasis added).

"The state's own documentary evidence introduced to prove the fact of conviction may also satisfy the defendant's burden of production if it affirmatively

---

[1] This aspect of *Shelton* was incorporated in La. R.S. 15:529.1(D)(1)(b) by 1993 La. Acts 896, which provides that a defendant who has alleged a constitutional deficiency in one or more of his prior convictions "shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by [his] response [to the state's habitual offender bill.]."

reveals a *Boykin* defect in the proceedings." *State v. Clesi*, 07-0564, p. 1 (La. 11/2/07), 967 So.2d 488, 489 (per curiam), citing *State v. Townsend*, 04-0005, p. 1 (La. 4/23/04), 874 So.2d 152, 153 ("We assume for present purposes that the court of appeal correctly found that the documentary evidence introduced by the state at the habitual offender hearing to carry its initial burden under [*Shelton*] also carried the defendant's burden to make an 'affirmative showing' of a procedural defect in his guilty plea in Texas because the documents omitted any mention of advice with respect to the privilege against self-incrimination."). In the present case, the State's documentary evidence showed that defendant was informed of his three *Boykin* rights. It did not show, however, that he specifically waived his three *Boykin* rights but rather only that he waived his right to a jury trial. *Cf. Shelton*, 621 So.2d at 777 ("The form listed several rights, including the right to trial by jury, the privilege against self-incrimination, and the right to confront accusers. *After each right listed were the defendant's initials, indicating a waiver of those rights.*" Emphasis added).

We find the lack of an individually articulated waiver of each of the three *Boykin* rights in the documentary evidence produced by the State constitutes affirmative evidence showing an infringement of defendant's rights or a procedural irregularity in the taking of the plea, which is sufficient to shift the burden of proving the constitutionality of the plea to the State. Because the State rested on this documentary evidence and produced nothing else, the district court correctly rejected the prior out-of-state guilty plea and adjudicated defendant as a third, rather than a fourth, felony offender. Accordingly, we affirm the ruling of the court of appeal that found defendant was correctly adjudicated a third-felony offender.

**AFFIRMED**

5

SUPREME COURT OF LOUISIANA

No. 2019-K-0028

STATE OF LOUISIANA

VERSUS

DESMOND C. PARKER

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,*
*FOURTH CIRCUIT, PARISH OF ORLEANS*

**WEIMER, J.**, dissenting.

In **State v. Balsano**, 09-0735 (La. 6/19/09), 11 So.3d 475, this court, in the course of examining the validity of out-of-state guilty pleas used for habitual offender prosecutions, announced the return of this state's jurisprudence "to its original substantive aspect," explaining that, henceforth, "for all non-Louisiana guilty pleas, used to enhance sentence following a subsequent conviction, a defendant does not satisfy his burden of proof on collateral attack merely by presenting contemporaneous records revealing a violation of **Jackson's**[1] three-right rule." **Balsano**, 09-0735 at 14, 11 So.3d at 482. Rather, a defendant must show "that his guilty plea was not voluntary as a constitutional matter, *i.e.*, that it did not represent a knowing and voluntary choice among available alternatives." ***Id.***, 09-0735 at 14, 11 So.3d at 482.

Through its decision today, the majority substantively retreats from this rule, effectively overruling **Balsano**'s requirement that a defendant show more than a technical violation of the three-right prophylactic rule derived from **Boykin v. Alabama**, 395 U.S. 238 (1969), and demonstrate that the guilty plea did not reflect

---

[1] **State ex rel. Jackson v. Henderson**, 255 So.2d 85, 90 (La. 1971), wherein the court adopted the three-right rule of **Boykin v. Alabama**, 395 U.S. 238, 243 (1969) (waiver of the right to trial encompasses waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers).

a knowing and voluntary waiver of trial. The majority opinion finds that defendant's affirmative burden of proof was satisfied by a showing of precisely the type of technical violation of **Boykin**'s three-right prophylactic rule that **Balsano** found insufficient. **State v. Parker**, 19-0028, slip op. at 5 (La. __/__/19). ("[T]he State's documentary evidence showed that defendant was informed of his three **Boykin** rights. It did not show, however, that he specifically waived his three **Boykin** rights, but rather only waived his right to a jury trial."). In the process, the majority relieves defendant of his affirmative burden of showing that the guilty plea did not otherwise reflect a knowing and voluntary waiver of trial and adopts a rigid "three articulated rights, three articulated waivers" rule not previously required in the jurisprudence.

As the dissenting appellate court opinion of Judge Lobrano recounts, during the habitual offender hearing in this case, the state proved the existence of defendant's prior guilty plea and that defendant was represented by counsel. Through the testimony of Officer George Jackson, the state introduced into evidence the "pen pack" representing defendant's guilty plea in Alabama. Included in the "pen pack" is a plea form, which is signed by defendant, his attorney, and the judge. The signed plea form, which was apparently divided during photocopying into two letter size pages from an original single page, is certified on each page by the court that reproduced it. As this court's majority recognizes, the plea form contains advisements as to all three **Boykin** rights and indicates that both the judge and defendant's attorney explained those rights to defendant.[2] This is hardly a silent

---

[2] The plea form explains that defendant has the right to a jury trial. In a jury trial, he has the right to testify, but cannot be compelled to give evidence against himself, and no one can even comment on his silence if he chooses to remain silent. Defendant also has the right to subpoena witnesses to testify at trial, examine those witnesses, and to cross-examine the state's witnesses. The form explains that defendant has the presumption of innocence at trial and the state has the burden of proof beyond a reasonable doubt. Finally, the form advises defendant that he should only plead guilty if he is in fact guilty and he does not wish to have a jury trial.

2

record from which defendant's voluntary and knowing waiver of his rights could only be presumed in violation of **Boykin** and **State ex rel. Jackson v. Henderson**, 255 So.2d 85, 90 (La. 1971).

Once the state introduced evidence establishing the existence of the prior guilty plea and that defendant was represented by counsel, it was incumbent on defendant to offer "affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." **State v. Shelton**, 621 So.2d 769, 779 (La. 1993). Defendant failed to produce any affirmative evidence demonstrating that the contemporaneous statements of defendant and his counsel in the guilty plea form did not reliably establish the knowing and voluntary guilty plea as a waiver of the enumerated trial rights both he and counsel acknowledged by signing the form.

The plea form explains all three **Boykin** rights and does so in the context of a jury trial. In light of the plea form, the majority's conclusion that the Case Action Summary signed by the Alabama trial judge, which indicates only that defendant waives a jury trial, without specifically mentioning a waiver of the other two **Boykin** rights, is affirmative evidence of "an infringement of defendant's rights or a procedural irregularity in the taking of the plea," represents an overly strict reading that is not reflective of the evidence of the entirety of the circumstances of defendant's guilty plea. It is axiomatic that when a defendant, after being advised of his **Boykin** rights and affirmatively stating that he understands those rights, pleads guilty, he is in fact waiving all three rights. By pleading guilty, he is admitting guilt and incriminating himself, he will not be tried by a jury, and there will be no accusers to confront because there will be no trial. To insist, as the majority does, on an articulated waiver of each of the three **Boykin** rights is a step not previously required by the jurisprudence.

Accordingly, I respectfully dissent from the majority opinion in this matter. I would find on this record the **Boykin** rights were waived and remand the matter to the district court for resentencing.

SUPREME COURT OF LOUISIANA

No. 2019-K-0028

STATE OF LOUISIANA

vs.

DESMOND PARKER

ON WRIT OF CERTIORARI TO THE FOURTH CIRCUIT
COURT OF APPEAL, PARISH OF ORLEANS

**CRICHTON, J., additionally concurs and assigns reasons:**

I agree with the per curiam in this matter finding no error in the trial court's rejection of the defendant's predicate out-of-state plea for purposes of the application of the habitual offender statute. I write separately to reiterate the importance of complying with the requirements for a guilty plea colloquy set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). The record in a guilty plea must reflect that the defendant fully understands the nature of the charge(s), the allegations against him, the right to counsel, the right to a trial by jury or by the court, and the right to confront and cross-examine witnesses at trial. As I have stated before, "scrupulously adhering to these procedures in the district courts prevents the extensive expenditure of appellate resources later. . . ." *State v. Johnson,* 18-1661 (La. 11/5/18), 255 So.3d 1006 (Crichton, J., would grant and docket and assigns reasons); citing *State ex. Rel. Calvin Hayes v. State*, 15-KH-1789 (La. 9/23/16), 200 So.3d 364 (writ denied) (Crichton, J., additionally concurring). *See also State v. Trahan*, 16-2083 (La. 4/16/18), 241 So.3d 286 (writ denied) (Crichton, J., additionally concurring); and *State v. Peters*, 18-KK-1417 (La. 9/28/18), 253 So. 3d 785, 2018 WL 4701717 (writ denied) (Crichton, J., would grant and assigning reasons). The trial court's failure to comply with *Boykin* in this case warrants the

adjudication of defendant as a third, rather than fourth, felony offender.