MOLAISON, J.
Defendant appeals his convictions and sentences for manslaughter and for being a convicted felon in possession of a firearm. For the reasons that follow, defendant's convictions and sentences are affirmed; the matter is further remanded for correction of the Uniform Commitment Order, and we grant appellate counsel's motion to withdraw as counsel.
PROCEDURAL HISTORY
A Jefferson Parish Grand Jury returned a true bill of indictment on December 12, 2013, charging defendant, Samuel Cooks, with second degree murder, in violation of La. R.S. 14:30.1 (Count 1), and with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (Count 2). Defendant pled not guilty to both counts at his arraignment on December 13, 2013. On December 5, 2017, the State amended the indictment and reduced the charge of second *1273 degree murder to manslaughter, a violation of La. R.S. 14:31, and, at that time, defendant withdrew his former pleas of not guilty and pled guilty to both counts. Pursuant to his plea agreement with the State, the trial court sentenced defendant to 40 years in the Department of Corrections on Count 1, and to 10 years in the Department of Corrections on Count 2. The sentences were ordered to run concurrently with one another and any other sentence defendant was serving.
Defendant filed a Uniform Application for Post-Conviction Relief on May 4, 2018, which the trial converted into a motion for an out-of-time appeal on May 9, 2018. The instant appeal follows.
FACTS
Because defendant's convictions resulted from guilty pleas, the underlying facts were not fully developed in the record. However, the amended true bill of indictment alleges that, for Count 1, on August 26, 2013, defendant violated La. R.S. 14:31, in that he committed the manslaughter of Ryan Easly. The bill of indictment also alleged, for Count 2, that on August 26, 2013, defendant violated La. R.S. 14:95.1 in that he was in possession of a firearm, after having been previously convicted of violating La. R.S. 40:967(C), under Case Number 515-379, Division F, in the Criminal District Court, Parish of Orleans.
ANALYSIS
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds defendant's appeal to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw *1274 and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Bradford , 676 So.2d at 1110.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that defendant entered an unqualified guilty plea to the true bill of indictment, waiving all non-jurisdictional defects. She further states that there were no trial court rulings to preserve for appeal under State v. Crosby , 338 So.2d 584 (La. 1976). Appellate counsel notes that defendant did not object to the charged offenses during the plea proceeding, to the trial court's acceptance of the guilty pleas, or to the sentences agreed upon and imposed. Additionally, appellate counsel notes that there does not appear to be any basis in the record to support any claim that the plea was unconstitutionally infirm. She further notes that during the colloquy, defendant indicated he had not been forced or coerced into entering the pleas.
Appellate counsel states that the plea bargain appears to have been advantageous to defendant, as he was no longer subjected to life imprisonment, he received the minimum sentence on the felon with a firearm charge, and the State agreed to refrain from filing a habitual offender bill on either of the charges. Counsel indicates that the sentences imposed are exactly the sentences defendant bargained for in his plea agreement and that this Court has recognized that defendant is precluded from raising an excessive sentence claim on appeal when the imposed sentence is the product of a plea agreement. Appellate counsel asserts that the charging instrument appears to be in order, that the minutes indicate that defendant was present with counsel for all critical court proceedings, and that the plea form and accompanying colloquy was thorough and complete.
Appellate counsel has filed a motion to withdraw as attorney of record for defendant which indicates that she has prepared an Anders brief and that she has notified defendant of the filing of this motion and of his right to file a pro se supplemental brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until July 26, 2018, to file a pro se supplemental brief. As will be discussed below, defendant has filed a pro se brief in this matter.
The State also responds that it agrees with appellate counsel that after a careful review of the record, there are no non-frivolous issues present. The State asserts that the trial court fully explained to defendant the ramifications of pleading guilty and foregoing a trial, that the trial court clearly described the charges and the sentences defendant was facing, and that defendant entered into a fair plea agreement with the State that was explained to him by his trial counsel. The State contends there is nothing else in the record that would suggest a non-frivolous issue to be raised on appeal.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. Both the original true bill of indictment returned by the grand jury, and the amended bill, properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. They also sufficiently identified defendant and the crimes charged. Further, as reflected by the minute entry and commitment, defendant appeared at each *1275 stage of the proceedings against him, including his arraignment, guilty plea, and sentencing.
Further, defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in Crosby, supra . Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no unconstitutional infirmity or irregularities in defendant's guilty pleas. The transcript of the colloquy shows that defendant was aware that he was pleading guilty to manslaughter and to being a felon in possession of a firearm. Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the guilty plea colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty.
Also, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas and that he was satisfied with the way his attorney and the court handled his case. Defendant was informed by the waiver of rights form and during the colloquy of his maximum sentencing exposure and of the actual sentences that would be imposed upon acceptance of his guilty pleas. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant's sentences, both were imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied , 09-2046 (La. 8/18/10), 42 So.3d 394. In addition, defendant's sentences fall within the sentencing ranges set forth in the respective statutes. See La. R.S. 14:31 and La. R.S. 14:95.1.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.
PRO SE SUPPLEMENTAL BRIEF
Defendant raises two assignments of error in his pro se supplemental brief, which are addressed below.
*1276 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
The conviction in this case was obtained in violation of the United States Constitution Fifth, Sixth and Fourteenth Amendments, and of the Louisiana Constitution, Article 1 - Section 23 and Article 5 Section 2, because it was entered unknowingly and untelligently [sic].
ANALYSIS
Defendant contends in this assignment that his convictions are unconstitutional because they were obtained in violation of the United States and Louisiana Constitutions on the basis that they were unknowingly and unintelligently entered into. Defendant asserts, in summary, that he did not understand to which crimes he was pleading guilty.
As discussed above, our independent review of the record does not reveal any unconstitutional infirmities in defendant's guilty pleas. Defendant was informed, both in the waiver of rights form and by the trial judge during the Boykin colloquy, that he was pleading guilty to the amended charge of manslaughter and to possession of a firearm by a convicted felon. The record reflects that defendant did, in fact, acknowledge that he was guilty of committing both offenses for which he was charged, and that he understood the consequences of pleading guilty. At the time of his plea, defendant made no objection and did not indicate that he did not understand the nature or elements of the charges to which he was pleading guilty. Further, defendant did not maintain his innocence while pleading guilty under North Carolina v. Alford , 400 U.S. 25, 30, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), nor did he make any other reservation of his rights at the time of his guilty pleas.
In this assignment, defendant also contends that the trial court erred in not providing him with a factual basis for his pleas. However, Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. State v. Autin , 09-995 (La. App. 5 Cir. 4/27/10), 40 So.3d 193, 196, writ denied , 10-1154 (La. 12/10/10), 51 So.3d 725. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. Id. , 40 So.3d at 196-97. Only in that event does due process require a judicial finding of a significant factual basis for the defendant's plea. State v. Smith , 09-769 (La. App. 5 Cir. 3/9/10), 38 So.3d 894, 896, writ denied , 10-843 (La. 11/5/10), 50 So.3d 812.
Defendant has failed to establish that he lacked awareness of the essential nature of the offenses to which he pleaded guilty. This assignment is without merit.
PRO SE ASSIGNMENT OF ERROR NUMBER TWO
Sentence is cruel, and unusual, and excessive and thus [it] violates both the Eight [sic] - - - Amendment and The Louisiana Constitution.
ANALYSIS
Defendant argues that his sentence for manslaughter is unconstitutionally excessive and constitutes cruel and unusual punishment because the trial court failed to give a factual basis or reasons for sentencing him to the maximum sentence of 40 years imprisonment. He contends that the trial court failed to consider the guidelines of La. C.Cr.P. art. 894.1 when sentencing him and failed to order a pre-sentencing investigation (PSI) report or consider his family history or likelihood of rehabilitation.
As previously discussed, defendant was sentenced in accordance with the plea agreement. La. C.Cr.P. art 881.2(A)(2) provides: "[t]he defendant cannot appeal or *1277 seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." State v Moore , supra .
This assignment of error has no merit.
ERRORS PATENT REVIEW
The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). We have found one error which requires correction.
We note that the uniform commitment order (UCO) should reflect the correct ineligibility for benefits for defendant's sentence on Count 2, as per La. R.S. 14:95.1(B).[1] Accordingly, we remand this matter for the correction of the UCO to correctly reflect the restrictions of benefits on Count 2 and order the trial court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 ; State v. Roland , 06-244 (La. 9/15/06), 937 So.2d 846 (per curiam).
DECREE
For the foregoing reasons, defendant's convictions and sentences are affirmed. The matter is remanded for correction of the Uniform Commitment Order. Appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED

At the time of the offense, La. R.S. 14:95.1(B) required an offender to be "imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence." However, the trial court's failure to state this requirement at sentencing need not be corrected on remand because under State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790, 799, and La. R.S. 15:301.1(A), the "without benefits" provision is self-activating.