STATE OF LOUISIANA

VERSUS

CARLOS MIRANDA FERNANDEZ

NO. 22-KA-584

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-248, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

April 26, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and John J. Molaison, Jr.

**AFFIRMED**
    **SMC**
    **RAC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
>       Honorable Paul D. Connick, Jr.
>       Thomas J. Butler
>       Anne M. Wallis
>       Eric Cusimano
>       Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
CARLOS MIRANDA FERNANDEZ
>       Katherine M. Franks

**CHEHARDY, C.J.**

Appellant, Carlos Fernandez, seeks review of the trial court's June 27, 2022 judgment denying his motion to withdraw his guilty plea. For the reasons set forth more fully below, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw as counsel of record for Mr. Fernandez.

## FACTS AND PROCEDURAL HISTORY

In this case, because Mr. Fernandez's conviction resulted from a guilty plea, the circumstances surrounding his offenses were not fully developed at trial. Here, the record reflects that Mr. Fernandez had numerous sexual encounters with a juvenile under the age of 13. The young juvenile disclosed the sexual encounters when she discovered that she was pregnant. Additionally, another juvenile contended that Mr. Fernandez showed her a video of himself dancing naked, and "of how to have sex." A "dump" of Mr. Fernandez's cell phone revealed the described video.

On May 9, 2019, a Jefferson Parish Grand Jury indicted Mr. Fernandez with one count of first degree rape, a violation of La. R.S. 14:42 (count one); one count of sexual battery against a juvenile under the age of 13, a violation of La. R.S. 14:43.1 (count two); and, one count of indecent behavior with a juvenile under the age of 13, a violation of La. R.S. 14:81 (count three). At his arraignment, Mr. Fernandez pled not guilty. Mr. Fernandez filed the usual discovery motions, none of which are at issue on this appeal.

The matter ultimately proceeded to trial on May 16, 2022. After jury selection, Mr. Fernandez entered a plea, and the jury was dismissed. On this date, in accordance with a plea agreement entered into with the State, the State amended count one to the lesser offense of second degree rape upon a known juvenile under the age of 13, committed between September 29, 2018, and December 31, 2018, a

violation of La. R.S. 14:42.1, and entered a *nolle prosequi* as to counts two and three. Mr. Fernandez then withdrew his not guilty plea, and pled guilty to the amended charge of second degree rape. Following a *Boykin* examination conducted by the district court judge, Mr. Fernandez was sentenced to hard labor for 40 years, without benefit of parole, probation, or suspension of sentence.

On June 13, 2022, Mr. Fernandez filed a *pro se* motion to withdraw his guilty plea claiming that his appointed counsel was ineffective and "influenced" his decision to plead guilty, telling him he was going to lose at trial and receive "life" if he did not take the State's plea deal. On June 27, 2022, the trial court denied Mr. Fernandez's motion to withdraw his guilty plea, with written reasons. Subsequently, Mr. Fernandez filed an application for post-conviction relief seeking an out-of-time appeal, which the trial court granted.

This timely appeal followed.

## LAW AND ARGUMENT

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed counsel herein filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[1] Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her client's case to be wholly frivolous after a conscientious examination of the record. The request must be accompanied by "a brief referring to anything in the record that might

---

[1] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. *Jyles*, 704 So.2d at 241. The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant adverse impact on shaping the evidence presented to the jury for its consideration." *Id*.

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id*.

Mr. Fernandez's appellate counsel asserts that after a detailed review of the trial court record, she could find no non-frivolous issues to raise on appeal. She states that she has read the record, examined the plea proceedings, and researched

the conditions under which a guilty plea can be withdrawn. Appellate counsel also states that after a complete review of the record and appellate jurisprudence, the trial judge did not err in denying Mr. Fernandez's motion to withdraw his guilty plea. As a result, she asks to withdraw from representing Mr. Fernandez. Appellate counsel provides that the record reveals that during the colloquy, Mr. Fernandez was advised of his *Boykin*[2] trilogy of rights in both English and Spanish. She states that the trial judge explained the sentence to be imposed and reiterated several times that it was to be served without benefit of parole, probation, or suspension of sentence, even though the plea form only stated the sentence was to be forty years.

Appellate counsel avers that Mr. Fernandez acknowledged that he was pleading guilty because he was guilty of the offense. She asserts that even though the State did not provide a factual basis for the plea, there was a preliminary hearing and a suppression hearing which provided a factual basis. Additionally, counsel maintains that the sex offender registration form was explained to Mr. Fernandez in Spanish by co-counsel, a native Spanish speaker. She maintains that during the colloquy, Mr. Fernandez stated that the plea was not coerced. Appellate counsel notes that Mr. Fernandez complained in his motion to withdraw his guilty plea that his trial counsel was ineffective because she advised him that he was going to lose the case and receive a life sentence. Appellate counsel further notes that considering the young juvenile victim's pregnancy, and Mr. Fernandez's admission to having sexual intercourse with her on several occasions, trial counsel's conclusion was correct. She states that Mr. Fernandez complained that his trial counsel would not appeal the plea proceeding wherein he acknowledged his guilt and agreed to the sentence imposed; however, she asserts that trial counsel could not appeal the sentence pursuant to La. C.Cr.P. art. 881.2(A), which provides

---

[2]      *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

Appellate counsel contends that Mr. Fernandez benefitted substantially from the plea, as he was potentially exposed to sentences of life on count one, ten years on count two, and twenty-five years on count three. Counsel maintains that by having the first degree rape charge reduced and the two remaining charges dismissed, Mr. Fernandez substantially reduced his sentencing exposure. She contends the fact that he benefitted substantially from the plea bargain was a factor that should be considered in evaluating a request to withdraw a guilty plea, citing *State v. Green*, 03-410 (La. App. 5 Cir. 10/28/03), 860 So.2d 237, 243, *writ denied*, 03-3228 (La. 3/26/04), 871 So.2d 346. Lastly, appellate counsel asserts that the plea agreement was not breached, count one was reduced to second degree rape, the remaining counts were dismissed, and the sentence imposed was the sentence to which Mr. Fernandez agreed.

Appellate counsel has filed a motion to withdraw as attorney of record stating that she prepared an *Anders* brief and has notified Mr. Fernandez of his right to file a *pro se* brief in this appeal. Additionally, this Court sent Mr. Fernandez a certified letter informing him that an *Anders* brief had been filed and that he had until February 22, 2023, to file a *pro se* supplemental brief. Mr. Fernandez did not file a *pro se* supplemental brief.

In response, the State contends that appellate counsel's brief complies with the procedures for filing an *Anders* brief, and it agrees with counsel that as shown by the record, there are no non-frivolous issues for appeal. The State further contends that Mr. Fernandez was advised of his rights during the colloquy, after which he indicated that he understood them and wished to waive them. The State asserts that the colloquy and the waiver both confirm that the plea was entered into

freely and voluntarily, and that Mr. Fernandez had not been forced, coerced, or threatened to enter his plea. The State claims that the plea agreement was set forth in the record and maintains that the sentence imposed falls within the sentencing range prescribed by the statute. The State concludes that because appellate counsel's brief demonstrates by full discussion and analysis that she has complied with the requirements of *Anders*, the motion to withdraw should be granted.

Our independent review of the district court record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The amended indictment properly charged Mr. Fernandez, and plainly and concisely stated the essential facts constituting the charged offense. It sufficiently identified Mr. Fernandez and the crime charged. *See generally* La. C.Cr.P. arts. 464-466. As reflected by the minute entries, Mr. Fernandez and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea proceedings, and sentencing. As such, Mr. Fernandez's presence did not present any issues that would support an appeal.

The record also indicates that Mr. Fernandez filed omnibus motions, some of which were not ruled upon prior to the time he entered his guilty plea. However, Mr. Fernandez did not object to the trial court's failure to do so. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. *See State v. Corzo*, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Additionally, Mr. Fernandez did not preserve for appeal any rulings under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Mr. Fernandez pled guilty as charged to the amended indictment. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5

Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. *Id.*

An independent review of the record reveals no constitutional infirmity or any irregularity in Mr. Fernandez's guilty plea that would render it invalid. The record reflects that on May 16, 2022, defense counsel advised the trial judge that Mr. Fernandez was going to plead guilty that day to the amended charge of second degree rape. The prosecutor added that he amended count 1 to second degree rape and would enter a *nolle prosequi* as to counts 2 and 3. Mr. Fernandez indicated that he was familiar with the "paperwork" and had gone over it with his counsel.

During the colloquy, with the assistance of an interpreter, Mr. Fernandez indicated that he was pleading guilty to second degree rape. The trial judge advised Mr. Fernandez that by pleading guilty, he was giving up his right to a trial by judge or jury; to be presumed innocent until the district attorney proved his guilt beyond a reasonable doubt; to force the district attorney to call witnesses who, under oath, would have to testify against him at trial; to have his attorney ask questions of those witnesses; to confront his accusers at trial; to testify or to remain silent and not have his silence held against him; to present witnesses to testify for him; and, to appeal any verdict of guilty that might be returned against him. Mr. Fernandez indicated that he understood the rights he was waiving.

Further, the waiver of rights form reflects that Mr. Fernandez was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination; that Mr. Fernandez placed his initials next to the individual advisals

of his rights; and, that he placed his signature at the end of the waiver of rights form, thus indicating that he understood he was waiving those rights. The waiver of rights form also reflects that Mr. Fernandez understood that he was pleading guilty to second degree rape.

During the colloquy, the district court judge also advised Mr. Fernandez that the sentencing range for this offense was five to forty years and that his sentence would be forty years at hard labor without benefit of parole, probation, or suspension of sentence, which Mr. Fernandez indicated that he understood. Mr. Fernandez thereafter indicated that he had not been forced, coerced, or threatened to enter a guilty plea. He indicated that he understood he had two years to file for post-conviction relief after the judgment of conviction and sentence became final and that he had thirty days to appeal his sentence. The district court judge asked Mr. Fernandez if he understood that his guilty plea could be used to enhance a penalty for any future conviction, and Mr. Fernandez responded affirmatively. The district court judge questioned Mr. Fernandez as to whether he understood that a guilty plea may subject him to deportation from this country if he was not a citizen of the United States of America, to which Mr. Fernandez indicated that he understood. Mr. Fernandez further indicated that he understood all of the possible legal consequences of pleading guilty and that he desired to plead guilty.

Defense counsel acknowledged that Mr. Fernandez was not able to read, write, and completely understand the English language, but advised the court that he went over the form with Mr. Fernandez in Spanish. The district court judge confirmed that the form had been explained to Mr. Fernandez by his counsel. He asked if Mr. Fernandez understood that the consequences of a guilty plea may include potential restrictions on due process and equal protection regarding the right to vote and possess a fire arm, as well as in public housing, financial aid, college admissions, licensing, and employment. Mr. Fernandez responded that he

understood. The district court judge advised Mr. Fernandez of his obligation to register as a sex offender, and asserted that Mr. Fernandez was provided with a sex offender notification form. Defense counsel confirmed that he had explained the requirements of the form to Mr. Fernandez in Spanish. The district court judge also explained to Mr. Fernandez that the pertinent statute required twenty-five years of registration and notification, and Mr. Fernandez indicated that he understood.

Mr. Fernandez then waived sentencing delays, and the district court judge sentenced him to forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The district court judge reminded Mr. Fernandez that counts two and three had been dismissed. Additionally, the plea agreement shows that Mr. Fernandez's guilty plea was accepted by the district court as having been knowingly, intelligently, freely, and voluntarily made by Mr. Fernandez, and that the district court had informed Mr. Fernandez of the nature of the charge.

The record reflects that the State did not provide a factual basis for the crime which Mr. Fernandez was charged; however, Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. *State v. Autin*, 09-995 (La. App. 5 Cir. 4/27/10), 40 So.3d 193, 196, *writ denied*, 10-1154 (La. 12/10/10), 51 So.3d 725. Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. *Id.*, 40 So.3d at 196-97.[3] Although the State did not provide a factual basis for the crime of second degree rape during the guilty plea colloquy herein, Mr. Fernandez did not proclaim his innocence, and he did not

---

[3]     A plea accompanied by a claim of innocence is an *Alford* plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. *State v. Orman*, 97-2089 (La. 1/9/98), 704 So.2d 245 (*per curiam*). *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

enter an *Alford* plea. Consequently, the lack of a factual basis by the State does not present an issue that should have been raised on appeal.

As previously stated, the district court sentenced Mr. Fernandez to imprisonment at hard labor for forty years without benefit of parole, probation, or suspension of sentence, which is within the sentencing range prescribed by the applicable statute. Also, the sentence was imposed pursuant to, and in conformity with, the plea agreement. In this regard, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence that was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Although the plea agreement does not reflect that the sentence was to be served without benefit of parole, probation, or suspension of sentence, the district court judge did advise Mr. Fernandez during the colloquy that his sentence would be served without those benefits.

The record shows that Mr. Fernandez sought to withdraw his guilty plea. However, as stated, his guilty plea was not constitutionally infirm. Additionally, Mr. Fernandez received a substantial benefit by pleading guilty to the reduced charge of second degree rape and dismissal of the other two counts. Mr. Fernandez was sentenced to forty years on the reduced charge rather than a life sentence on count one. His sentencing exposure on counts two and three, respectively, had they not been dismissed, was twenty-five to ninety-nine years on count two, and two to twenty-five years on count three. As such, we find that the motion to withdraw the guilty plea does not present an issue that should have been raised on appeal. (*See Green*, *supra*, "Further, Green benefitted substantially from the plea bargain, a factor that should be considered in evaluating a request to withdraw a plea.")

Because we find that appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and could not identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, her motion to withdraw as attorney of record is granted.

**ERROR PATENT DISCUSSION**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). Our review of the record revealed no errors patent.

**CONCLUSION**

For the foregoing reasons, the district court's denial of Mr. Fernandez's motion to withdraw his guilty plea is affirmed. Appellate counsel's motion to withdraw as attorney of record is granted.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-584**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)         THOMAS J. BUTLER (APPELLEE)         KATHERINE M. FRANKS (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
BRITTANY BECKNER (APPELLEE)
ERIC CUSIMANO (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053